# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BLACK & DECKER INC. and <br> BLACK & DECKER (U.S.) INC., <br><br> Plaintiffs, <br><br> v. <br><br> ROBERT BOSCH TOOL CORPORATION <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 04 CV 7955 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## DEFENDANT ROBERT BOSCH TOOL CORP.'S OPPOSITION TO BLACK & DECKER'S MOTION FOR RECONSIDERATION OF THE COURT'S SEPTEMBER 11, 2006 RULING (DOCKET NO. 422)

Black & Decker seeks reconsideration of the Court's order precluding Dr. Neuhalfen from giving a new opinion at trial that the Power Box™ includes a power conversion circuit that enables battery charging. As this Court has recognized:

> Motions for reconsideration serve a limited function; to correct manifest errors of law or fact or to present newly discovered evidence." *Keene Corp. v. International Fidelity Ins. Co.*, 561 F. Supp. 656 (N.D. Ill. 1976), *aff'd*, 736 F.2d 388 (7th Cir. 1984). A motion to reconsider is appropriate where a court has patently misunderstood a party, made a decision outside the adversarial issues presented, made an error not of reasoning but of apprehension, or there has been a significant change in the law or facts since the court's decision. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191-92 (7th Cir. 1990).

*Karwo v. Citimortgage, Inc.*, 2005 U.S. Dist. LEXIS 24703, *3 (N. Dist. Ill. 2005). None of these bases for reconsideration apply to Black & Decker's motion, which does not contain any new facts or arguments not previously considered by this Court. Indeed, Black & Decker cites the exact same quote from page 15 of Dr. Neuhalfen's report to make the exact same argument previously rejected by this Court. *See* Black & Decker's Opposition to Bosch's Motion in

Limine to Preclude in Part the Testimony of Dr. Neuhalfen at 10 (Docket No. 350).  Black & Decker's motion for reconsideration should be denied for this reason alone.

Moreover, recognizing that it cannot point to a single place where Dr. Neuhalfen even remotely suggested that the combination of JK1 and IC4 enable battery charging, Black & Decker argues that Dr. Neuhalfen's report states that JK1 enables battery charging.  However, the quoted excerpt from page 15 of Dr. Neuhalfen's report says no such thing.  But even if did, Dr. Neuhalfen's report and his deposition testimony clearly demonstrate that it is his opinion that it is the **combination** of JK1 **and** IC4 (as opposed to JK1 alone) that constitute the power conversion circuit in the Power Box™ radio.  For example, Dr. Neuhalfen testified:

> Q.  Okay.  Let's talk about JK1.  Is JK1 a power conversion circuit by itself?
> A.  In this particular application?
> Q.  Yes.
> A.  In this particular application, JK1 **in combination with IC4** creates a power conversion circuit.
> Q.  Okay.  Let's cut JK1 off.  By itself, is it a power conversion circuit?
> A.  In this particular application, JK1 **in combination with IC4** creates a power conversion circuit.  It's a combination of the components.
> Q.  I understand that's what you want to say.  My question is:  Is JK1 a power conversion circuit by itself?
> A.  I'm providing you with the answer that JK1 **in combination with IC4** in this application creates a power conversion circuit.

*See* Neuhalfen Dep. at 59:9-60:2 (emphasis added).  Black & Decker cannot have its cake and eat it too.  Dr. Neuhalfen clearly testified that JK1, by itself, is not a power conversion circuit and he did not provide any opinion that power conversion circuit (JK1 in combination with IC4) enables battery charging.  As such, Black & Decker's motion should be denied.

Finally, Bosch does not seek to preclude Dr. Neuhalfen from testifying how the Power Box radio works and how JK1 works, as specifically set forth in his expert report, nor does Bosch believe that this Court's order would have such an effect.  Rather, Bosch sought and this Court granted Bosch's motion to preclude Dr. Neuhalfen from giving an opinion at trial that the Bosch Power Box has a power conversion circuit that enables battery charging because Dr. Neuhalfen did not disclose this opinion in his expert report.

Thus, Black & Decker's motion for reconsideration should be denied.

3

                                      Respectfully submitted,

Dated: September 11, 2006            *s/ Jon R. Trembath*
                                      Jon R. Trembath (pro hac vice)
                                      Erik G. Swenson (pro hac vice)
                                      MERCHANT & GOULD, P.C.
                                      3200 IDS Center
                                      80 S. Eighth Street
                                      Minneapolis, MN 55402
                                      Tel: (612) 332-5300
                                      Fax: (612) 332-9081

                                      **Attorneys for Defendant Robert Bosch Tool Corporation**